1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    John Robert Demos, Jr.,                                     Case No.: 2:24-cv-00114-JAD-NJK

4            Petitioner

5    v.                                                          **Order Dismissing Habeas Petition with Prejudice and Closing Case**

6    USA, et al.,                                                [ECF Nos. 1, 1-1]

7            Respondents

8        *Pro se* Petitioner John Robert Demos, Jr. filed this 28 U.S.C. § 2254 petition for writ of

9    habeas corpus.[1]  On initial review under the Habeas Rules,[2] I find that Demos fails to state a

10   cognizable habeas claim and that this court lacks jurisdiction because Demos is incarcerated in

11   Stafford Creek Correctional Center in Aberdeen, Washington.  So **I dismiss the petition with**

12   **prejudice**.

13       **I.       This court lacks jurisdiction because Demos is a prisoner in Washington state.**

14       Demos is an inmate at Stafford Creek Correctional Center in Aberdeen, Washington.

15   The correct respondent is the warden of the prison in which Demos is incarcerated.[3]  Because

16   this Nevada-based court has no jurisdiction over a respondent in the State of Washington,[4] I

17   dismiss this petition with prejudice for lack of jurisdiction.[5]

18

19

---

20   [1] ECF No. 1-1.  I note that Demos failed to file his habeas petition on the court's approved form for § 2254 petitions.

21   [2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

22   [3] 28 U.S.C. § 2242.

23   [4] 28 U.S.C. § 2241(a).

[5] Demos has filed three § 2254 petitions for writ of habeas corpus in this court that were dismissed for similar reasons.  *See Demos v. United States,* Case No. 3:10-cv-0091-LRH-VPC;

1      **II.      Demos fails to state a cognizable habeas claim.**

2             I have also examined Demos's claims[6] and I find that his petition is patently meritless.

3      Demos's petition is nearly inscrutable.  As best I can tell, Demos asserts that the Washington

4      state appellate court and federal district court of Washington have issued orders preventing him

5      from filing suits to redress grievances in violation of his First Amendment rights.[7]  Those claims

6      are non-cognizable in federal habeas because success on their merits "would not necessarily lead

7      to immediate or speedier release."[8]

8      **III.      Conclusion**

9             **IT IS THEREFORE ORDERED** that:

10     1.   Demos's petition for writ of habeas corpus [ECF No. 1-1] is **DISMISSED with**

11          **prejudice**.  **A certificate of appealability is DENIED** because jurists of reason

12          would not find the dismissal to be debatable or wrong.

13     2.   The Clerk of the Court is directed to:

14          • **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under

15            Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada

16            Attorney General Aaron D. Ford as counsel for respondents and to provide

17            respondents an electronic copy of all items previously filed in this case by

18

---

19  *Demos v. Hoolbrook*, Case No. 3:15-cv-00364-RCJ-VPC; *Demos v. U.S. Attorney General*, Case
    No. 3:19-cv-00583-LRH-CBC.

20
    [6] Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response
21  unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*,
    918 F.3d 687, 693 (9th Cir. 2019).  The court may screen and dismiss petitions that are patently
22  frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.
    *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

23  [7] ECF No. 1-1 at 7.

    [8] *See Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016).

regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
February 22, 2024

3